OPINION
This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Mary E. Huffman, appeals the trial court's judgment entry dated June 28, 2000.
The record reveals that appellee, Norman L. Huffman, filed a complaint for divorce on August 6, 1998. The trial court issued an agreed judgment entry on October 20, 1999, which granted the parties a divorce and divided their property.[1] The decree stipulated that the marital residence was to be "sold and the equity to be split equally after said mortgage held at Second National Bank * * * [was] paid in full. Said real estate shall be appraised before sold." On April 26, 2000, appellee filed a motion requesting that the trial court clarify the judgment entry "regarding the former marital residence and * * * [establish] a definite time to sell the former residence. * * *." A hearing on appellee's motion was held on June 16, 2000, before a magistrate.
At the hearing, appellant appeared pro se. Appellee was not present, but his attorney attended and presented an appraisal, which valued the marital property at $93,000, as of September 2, 1999. Appellant informed the magistrate that she refused to sell the marital residence as agreed upon in the divorce decree. In a decision dated June 28, 2000, the magistrate determined that appellant should place the former marital residence for sale "forthwith" and that she could satisfy her obligation to appellee as to the marital residence by paying him $33,043.47, on or before October 1, 2000.[2] On that same date, the trial court adopted the magistrate's decision. Appellant did not object to the magistrate's decision within fourteen days. Appellant timely filed the instant appeal from both of the June 28, 2000 entries and now asserts the following as error:
 "[1.] The trial court erred as a matter of law and abused its discretion in adopting the magistrate's decision.
 "[2.] The trial court erred to the prejudice of appellant in failing to keep a full record of the June 16, 2000 hearing.
 "[3.] The [trial] court denied appellant due process by failing to give adequate notice of her right to object to the magistrate's decision."
Preliminarily, we must address appellant's failure to file objections to the magistrate's report. First, we note that Civ.R. 53(E)(4)(c) states that:
 "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered. * * *."
In the case sub judice, the trial court adopted the magistrate's findings and recommendation on the same day that he issued his decision, June 28, 2000. Appellant did not file any objections to the magistrate's decision. Therefore, even though the trial court adopted the magistrate's decision on the day it was issued, appellant still had fourteen days to file objections, which would have suspended the trial court's judgment entry until it ruled on the objections. See Simms v.Simms (Mar. 27, 1998), Portage App. No. 97-P-0005, unreported, 1998 WL 156886, at 4.
Civ.R. 53(E)(3)(b) provides, in pertinent part:
 "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Furthermore, pursuant to Civ.R. 53(E)(4)(a):
 "[t]he magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
Here, it is undisputed that appellant filed no objections to the magistrate's June 28, 2000 findings of fact and conclusions of law.[3]
If a party fails to file objections to a magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal, and an appellant may not then challenge the court's adoption of the magistrate's factual findings on appeal. Aurora v. Sea Lakes,Inc. (1995), 105 Ohio App.3d 60, 66; see, also, Calai v. Detelich (Sept. 29, 2000), Trumbull App. No. 99-T-0142, unreported, 2000 WL 1459714, at 2; In the Matter of Brunstetter (Aug. 7, 1998), Trumbull App. No. 97-T-0089, unreported, 1998 WL 477401, at 2-3; Simms, supra, unreported, at 5. Pursuant to Civ.R. 53(E)(3)(b), appellant has now waived her right to appeal the trial court's adoption of those findings of fact and conclusions of law. See Group One Realty, Inc. v. Dixie Internatl., Co. (1998), 125 Ohio App. 767, 768-769. Hence, appellant's failure to file objections to the magistrate's decision precludes this court from addressing her assignments of error on their merits. Therefore, appellant's failure to object to the magistrate's decision is alone dispositive of the arguments in her assignments of error.
Furthermore, it is our view that the June 28, 2000 judgment entry varied the October 20, 1999 divorce decree by stating that appellant could satisfy her obligation to appellee as to the marital residence by paying him $33,043.47, on or before October 1, 2000. Although this was a technical modification of the October 20, 1999 decree, without the retention of jurisdiction, there is no basis for a reversal since the trial court's portion of its June 28, 2000 order to place the marital residence for sale was a clarification of its October 20, 1999 judgment entry. We did not address the issue of whether or not appellant would be entitled to a set off as a result of her payment of the existing mortgage balance on the marital residence. This question may be addressed prospectively by future proceedings in the trial court or by voluntary agreement of the parties.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 _____________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., CHRISTLEY, J. concur.
[1] We note that a transcript from the divorce hearing was not in the record on appeal.
[2] This figure represents the value of the property from the appraisal ($93,000) less the amount of the payoff paid by appellant ($26,813.06) divided by two.
[3] There was a footnote on the magistrate's report, which set out the fourteen-day objection rule and which cited Civ.R. 53(E).